[No. 45943.   En Banc.   October 16, 1980.]

JOE SIM, *Respondent,* v. THE WASHINGTON STATE
PARKS AND RECREATION COMMISSION,
ET AL, *Appellants.*

*Slade Gorton, Attorney General, James H. Davenport*
and *Robert Hargreaves, Assistants,* and *Smith, Brucker,*
*Winn & Ehlert,* by *Norman L. Winn,* for appellants.

*Jeremy Randolph,* for respondent.

HICKS, J.—Respondent Sim challenged WAC 352–36–040(1) and (3).[1] The trial court agreed with Sim and invalidated the regulation as beyond the limit of authority granted the Washington State Parks and Recreation Commission (Commission) by RCW 43.51.680. The Commission and intervenors appealed directly to this court. We affirm the trial court.

RCW 43.51.680 reads as follows:

> For the protection and conservation of natural resources, and for the safety and enjoyment of the public using the beaches, the Washington state parks and recreation commission, after agreement with the [department of transportation], shall establish reasonable regulations for the use and control of vehicular traffic on and along the ocean beach highways as designated and established under RCW 79.16.130, 79.16.160, and 79.16.170. The Washington state parks and recreation commission shall cooperate with county sheriffs and the state patrol in enforcing such traffic regulations: *Provided,* That automobile driving shall be permitted on the beaches subject to the authority of the department of fisheries to prohibit driving over clam beds.

This section was enacted in 1967 and has not been amended. Laws of 1967, ch. 120, § 7, p. 562.

In 1976, the Commission amended WAC 352–36–040 to prohibit vehicular traffic on approximately 16 percent of the state's ocean beaches. The closed areas are adjacent to state parks and waterfowl habitat.

■ In this case, respondent makes a single contention: That *State v. Wright,* 84 Wn.2d 645, 529 P.2d 453 (1974),

---

[1] "Vehicular traffic shall be allowed on the ocean beaches twenty–four hours a day except as further restricted within this WAC." WAC 352–36–040(1).

"Pedestrians only shall be allowed twenty–four hours a day year round on the following ocean beaches:

"(a) On Long Beach from the North Jetty at the mouth of the Columbia River to North Head; and from the North boundary of Leadbetter Point State Park—natural area—to the end of Leadbetter Point.

"(b) On South Beach from the Bonge Approach north to the South Jetty at Point Chehalis.

"(c) On North Beach from Butter Clam Avenue south to the North Jetty at the mouth of Grays Harbor." WAC 352–36–040(3).

forbids *permanent* closure of the ocean beach highways or any part thereof. We agree. To hold otherwise would be for this court to sanction use by the Commission of legislative power as yet undelegated to it.

In *Wright,* this court was squarely presented with the question of the extent of the power granted by the legislature to the Commission under RCW 43.51.680. We stated at page 650:

> We substantially agree with the conclusions reached by the Attorney General in the January 12, 1972, opinion, *i.e.,* that the legislature in enacting the seashore conservation area act, and particularly RCW 43.51.680, intended to confer upon the Commission authority to *selectively,* and *on a reasonable basis,* prohibit vehicular traffic *at designated times and places* on the ocean beach highways created by RCW 79.16.130, .160, and .170, but that the *Commission was not empowered to prohibit such traffic on any or all of such beach highways permanently.*

(Italics ours.) Further, in *Wright,* at pages 652–53, we said:

> WAC 352–36–040 is, therefore, a valid exercise of the Commission's authority insofar as it *does not purport to effect a permanent closure of the ocean beach highways created by RCW 79.16.130, .160, and .170.*

(Italics ours.) Despite the clear and unambiguous statement in *Wright,* in 1976 the Commission proceeded to amend WAC 352–36–040 and thereby permanently closed to vehicular traffic portions of the ocean beaches.

As pointed out in *Wright,* at page 649:

> Commencing in the 42nd regular session of the legislature [1971], amendments to RCW 43.51.680 were introduced. In essence, the proposed amendments would have granted specific authority to the Commission to effect certain closures of the ocean beach highways to vehicular traffic. The amendments did not pass.

RCW 43.51.680 has yet to be amended by the legislature. The language in *Wright* stands unmodified—a permanent closure of *any* or a permanent closure of *all* of the ocean beach highways to vehicular travel is beyond the authority of the Commission.

That the Commission believes permanent closure of part of the ocean beaches to vehicular traffic is in the best public interest is not a factor for our consideration as we interpret the seashore conservation act, RCW 43.51.650–.685. Rather that is a policy matter for the legislature.

An examination of the act convinces us that *Wright* represents the outer limits of the Commission's authority regarding beach closures. The purpose section of the act (RCW 43.51.665), declares:

> While the primary purpose in the establishment of the area is to preserve the coastal beaches for public recreation, *other uses shall be allowed as provided* in RCW 43.51.650 through 43.51.685, . . .

(Italics ours.) In view of this unambiguous statutory language, *Wright,* by sanctioning temporary closure of the beaches to automobile driving, markedly strains the rules of statutory construction. WAC 352–36–040, as amended and applied in this case, is an extension of the Commission's authority beyond that authorized in *Wright.*

■ This court, if it sustained the Commission's position here, would be extending to the Commission authority often requested of the legislature, but as yet ungranted. Bills which would have granted the Commission the authority it purported to exercise through its amendment of WAC 352–36–040 have been introduced in virtually every session of the legislature since 1971. None has been passed. *See, e.g.,* Substitute House Bill 592, 46th Legislature (1979).[2] That the legislature continues to ignore such amendatory bills following our construction of the act in *Wright,* is some evidence that RCW 43.51.680 was not intended to provide the Commission the authority it now seeks to have this court ratify. *State v. Thompson,* 88 Wn.2d 13, 17, 558 P.2d 202, *appeal dismissed,* 434 U.S. 898, 54 L. Ed. 2d 185, 98 S. Ct. 290 (1977).

---

[2] In *State v. Wright,* 84 Wn.2d 645, 656, 529 P.2d 453 (1974), Rosellini, J., in his dissenting opinion, discussed bills introduced in several legislatures.

Protection and preservation of beach resources and waterfowl habitat are highly commendable objectives. Nonetheless, absent legislative delegation of authority, the Commission is not empowered to implement the protective measure it deems desirable, *i.e.*, permanent closures of some parts of the ocean beaches. That, of course, does not mean that the Commission is powerless to act. A lawful and less drastic measure is available. As indicated by *Wright*, temporary closure of portions of the beaches, perhaps during waterfowl nesting seasons or peak periods of recreational use of the beaches, is available to the Commission.

The legislature has seen fit to allow competing recreational interests the use of the beaches. One of those recreational interests it specifically permitted is the driving of vehicles on the beaches. It is not the function of this court to act as a superlegislature and, under the guise of construction or interpretation, do that which it might believe the legislature should have done.

The trial court is affirmed.

ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, and WILLIAMS, JJ., concur.

DOLLIVER, J. (dissenting)—I disagree with the analysis and result of the majority and would reverse. As the majority contends, *State v. Wright,* 84 Wn.2d 645, 529 P.2d 453 (1974), is dispositive of the case. However, I believe the majority significantly misreads the *Wright* opinion.

In *State v. Wright, supra,* we said we "substantially agree[d] with the conclusions reached by the Attorney General in the January 12, 1972, opinion". *Wright,* at 650. However, we gave two different versions of what that opinion said as to barring vehicles from the beach highways: (1) "that the Commission was not empowered to prohibit such traffic on any or all of such beach highways permanently" (*Wright,* at 650); and (2) that the statutes vested the "Commission with authority to regulate the times and

places on and along the ocean beach highways where automobiles could be driven, but that the Commission could not prohibit vehicular traffic on all such beaches at all times." *Wright,* at 649.

Since the court relied on the January 12, 1972, opinion of the Attorney General and since we stated that our views in *Wright* were congruent with those of the Attorney General, the actual conclusions of the Attorney General are crucial. They are:

> (1) The proviso does not require the parks commission to allow vehicular traffic on all areas of the beaches at all times—with only the department of fisheries being able to close any beach areas to automobile driving at any time;
> (2) It does, however, require that some automobile driving must be permitted on at least some of the beaches; and at least some of the time; in other words, the proviso has the effect of barring the parks commission from totally prohibiting all vehicular traffic on all of the beaches all of the time.

Attorney General Opinion, January 12, 1972 (No. 2), at 8. Thus, while the Attorney General's opinion did not specifically determine whether a permanent partial closure of any portion of the ocean beach highways would come within the statutory authority of the Commission, it did not conclude such a closure would violate statutory authority and certainly by inference found it to be valid. This is in harmony with our *holding* in *Wright* which sustained the order of the Commission (WAC 352–36–040) as "a valid exercise of the Commission's authority insofar as it does not purport to effect a permanent closure of the ocean beach highways created by RCW 79.16.130, .160, and .170." *Wright,* at 652–53.

Although the clause in *Wright* at page 650 relied upon by plaintiff and the majority is clearly dicta, even assuming it did represent the position of the court, plaintiff still should not prevail. While we did state there could be no permanent closure of "any or all of . . . [the ocean] beach *highways"* (italics ours), we did not prohibit permanent

closure of *portions* of the highways. At all times in the opinion, we referred to the ocean beach *highways*; never to the ocean beach *highway*. Furthermore, although in aggregate the ocean beach highways are referred to as a public highway (RCW 79.16.172–.173), the statutes consistently refer to the ocean beach highways. *See* RCW 79.16 and RCW 43.51.650–.685. Absent a statutory definition, words of a statute must be accorded their usual and ordinary meaning. *Pacific First Fed. Sav. & Loan Ass'n v. State,* 92 Wn.2d 402, 598 P.2d 387 (1979).

The reason for our use of the term "highways" and not "highway" is evident. The legislature designated and established not one ocean beach highway, but rather three ocean beach highways. RCW 79.16.130, .160, and .170. *See* RCW 43.51.680. The language of the legislature is clear and unambiguous; we must accept it as we find it. *Automobile Drivers Local 882 v. Department of Retirement Sys.,* 92 Wn.2d 415, 598 P.2d 379 (1979). Thus, while the court said in *Wright* that the Parks Commission could not permanently close any or all of the three highways, it did not say portions of any or all of the three highways could not be closed permanently. Rather, we stated that "the proviso [in RCW 43.51.680], strictly construed, does no more than prohibit the Commission from permanently closing the ocean beach highways to automotive traffic." *Wright,* at 652. If we had intended to say what plaintiff wishes we had said, we would have referred either to prohibiting vehicular traffic on "any or all of such beach *highway*" or on "any or all *portions or parts* of such beach highways".

The majority urges close attention be paid to the language of the legislature and that we avoid straining the rules of statutory construction. I agree. However, the principle ought to work both ways. We need also to pay attention to our language in previous cases. The precise use of language by the legislature or this court should not be ignored and then glossed over by fleeing to the dubious shelter of the pejorative "superlegislature". Rather than search for ways to hold WAC 352–36–040 invalid, we should

reaffirm our analysis of RCW 43.51.650–.685 contained in *State v. Wright, supra*: As long as the regulations are reasonable and are for the "protection and conservation of natural resources, and for the safety and enjoyment of the public using the beaches" (RCW 43.51.680), the Commission may by regulation permanently prohibit vehicular traffic on portions of the ocean beach highways but vehicular traffic may not be permanently prohibited on any or all of the three ocean beach highways.

I dissent.

UTTER, C.J., and HOROWITZ, J., concur with DOLLIVER, J.